Wallace *v.* Wortham.

---

## DAVIS WALLACE *vs.* E. P. WORTHAM.

Where a person for whose use goods are furnished is liable to pay, any other promise by a third person to pay the debt, must be in writing.

If, however, the person for whose use the goods were furnished is not liable, then the promise to pay need not be in writing.

The party to whom credit is originally given by the vendor, is liable to pay. *Held*, that the judgment of the court below was erroneous.

IN error from the circuit court of Choctaw county; Hon. F. M. Rogers, judge.

The opinion contains the facts of the case.

*John B. Hemphill*, for plaintiff in error.

*J. I. Guion*, for defendant in error.

Mr. Justice YERGER delivered the opinion of the court.

This record presents but a single question : was the promise proved to have been made by the defendant within the first section of the statute of frauds, or a " promise to answer for the debt, default, or miscarriage of another ? " The proof is, that the " defendant, before the sale of the articles, requested the plaintiff to sell them to one Newell, and that the sale was induced alone by the promise of the said defendant to pay for them." This was all the evidence in the case, as it appears from the bill of exceptions. It does not appear from any thing before us, that any credit whatever was given to Newell, or that Newell was liable for the goods.

In *Matson* v. *Wharam*, 2 Term. R. 80, Buller, justice, observed, that " the general rule is, if the person for whose use the goods are furnished be liable, any other promise by a third person to pay that debt must be in writing." The converse of this proposition is also true. If the person for whose use the goods are furnished is not liable, then the promise to pay need not be in writing. It appears in this case, that the goods were furnished at the request of the defendant, and that " the sale was induced alone by her promise to pay for them." As we remarked before, the bill of exceptions, which purports to contain all the evidence, does not show, that any credit whatever was given to Newell, or that he was bound for the goods. However true, therefore, as an abstract rule of law, the instruction given by the court may be, to wit, "if the goods were charged jointly to the defendant and Newell, the promise, to be binding on the defendant, must be in writing;" yet, as there seems to have been no evidence on which to base the charge, and it may have had a tendency to mislead the jury, it was erroneous in the court to give it. From the facts stated in the bill of exceptions, without any thing explaining them, the

credit seems to have been given entirely to the defendant, and her promise to have been entirely original, and not an understanding to "answer for the debt, default, or miscarriage of another." Let the judgment be reversed, and the cause remanded.