## MORGAN v. KING.

[91 South. 30.  No. 22452.]

1. EVIDENCE.  *Account offered to establish indebtedness not excluded because not inherited.*

   An account offered in evidence to establish an indebtedness should not be excluded because some of the items therein are not itemized; such defect not going to the competency of the account as evidence, but to its value.

2. USURY.  *Statute strictly construed; creditor must be shown to have either contracted for or received interest in violation of the statute, which is for the jury where the evidence leaves issue in doubt.*

   Chapter 299, Laws of 1912 (section 2075, Hemingway's Code), which provides for the forfeiture of both principal and interest if more than twenty per cent per annum is charged, is highly penal, and must be strictly construed.  And even though the evidence shows that the creditor has charged the debtor in his account more than twenty per cent interest, this is insufficient to show a violation of the statute, for the evidence must go further, and show that the creditor either "contracted for or received" more than twenty per cent; and. if the evidence leaves this issue in doubt, it is a question for the jury.

3. FRAUDS, STATUTE OF.  *Contract under which goods are delivered to one person on credit extended to another not within statute; whether credit was originally extended in person sought to be charged is for jury on conflicting evidence.*

   Where credit was originally extended to the party sought to be charged, and not to the party to whom the goods were delivered and used, such
   
128 Miss.—26

contract does not come within the provision of that clause of the statute of frauds, which provides that no action shall be brought whereby to charge a defendant upon a promise to answer for the debt of another, unless such promise be in writing, signed by the party sought to be charged, because in such case it is not the debt of another, but the debt of the party sought to be charged  And if the evidence is conflicting as to whether the credit was extended to the party sought to be charged or to the party receiving the goods, then it is a question for the jury.

APPEAL from circuit court of Quitman county.

HON. W. A. ALCORN, JR., Judge.

Suit by C. R. Morgan, trustee, against Alf King. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

·R. H. Saway, for appellant.

At the conclusion of the evidence of this witness these exhibits having been introduced, the defendant moved the court to exclude the evidence and direct a verdict for the defendant for three reasons (shown at bottom of page 78 of the record) to-wit: First, that the accounts were not itemized. Second, that more than twenty per cent. interest had been charged. Third, that the accounts of the tenants were charged to the defendant without any writing, or other legal agreement making the defendant liable therefor.

The court, as I understand it, sustained the motion on the second ground, but I shall take these up for discussion in the order in which they appear in the motion.

There are two reasons why this objection is not well taken. First, the account and books were introduced by the defendant himself. Second, the account was sufficiently itemized to make the books evidence, and the only possible effect of the failure to give more fully the details would be on the weight of the evidence.

In the case of Newell v. Keith, 11 Vt. 214, the court referring to a charge much more general than these, says: "That it can constitute no valid legal objection that a

charge is made in gross; that this is a matter for the consideration of the auditors and should call into exercise caution in the examination and allowance of the charge. In the case of *Bassett* v. *Spofford,* 11 N. H. 167, the court holds that a charge on a physician's book for visits and medicine, is sufficiently specific, although the quantity of medicine is not stated, and in case of *Bay* v. *Cook,* 22 N. J. L. —, the New Jersey court holds that a charge on a physician's book embracing services for two or three days is sufficiently specific. While thereafter many cases holding that general charges in a book in the aggregate are not sufficient, this does not apply to charges of various items of merchandise sold and charged at one time and on one date. A fair example of this objectionable charge is shown in the case of *White* v. *St. Phillips Church* (S. C.), Reported 39 Am. Dec. 125.

Where the charge included furnishing and laying two thousand five hundred and forty-four feet of stone flagging, curb and gutter stone amounting to six hundred and thirty-six dollars, the objection was that it was not a record of daily business, or work. A charge on this book for instance of merchandise furnished during the month of July would have been insufficient, but a charge of merchandise furnished on a particular day to a particular person is sufficient. This seems to be the distinction drawn in the authorities generally.

I call the court's attention also to the following cases: We have in our own court three recent cases throwing much light on this subject. *Finley* v. *Armstrong,* 78 So. 177; *Barner* v. *Rule,* 77 So. 521; *Duffy* v. *Kilroe,* 76 So. 681.

The second ground of the motion, and upon which I understand the court below sustained the request for a peremptory instruction seems to me to be completely answered and settled by decision of this court. *Doyle* v. *Herzog,* 75 So. 760; *Byrd* v. *Link,* 79 So. 100. In order to sustain this motion on that ground there must have been interest at more than twenty per cent. per annum con-

tracted or received. There is no proof in this case that any rates of interest was contracted for or received.

The third ground of the motion to-wit: that the defendant Alf King, could not be held for the accounts of his tenants, Jones, Holt and Taylor, because his contract to pay their accounts was not in writing seems to be under the evidence in this case to be entirely untenable.

Under the testimony of the witness Byrd these goods were not sold to these tenants on their own credit and they were never liable for the indebtedness, and the creditor did not look to them for it. This witness says, on pages 70 to 71, that these goods were sold to Alf King and on his credit, and that he never looked to the tenants, but looked solely to Alf King and that the accounts were run on the books in the name of the tenants for the convenience of Alf King, and so that he could tell what they owed. There was never any effort to assume any debt of Alf King. That this kind of a debt is not within the statute is expressly held by this court in at least two cases. *Wallace* v. *Wortham,* 25 Miss. 119. This case is reported with notes in 57 Am. Dec. 197. *Hendricks* v. *Robinson,* 56 Miss. 694. This case is also reported in 31 Am. Rep. 382, with notes in the latter addition on page 361.

It seems to me that the foregoing Mississippi cases settle all three of the contentions of the appellee adversely to him and beyond a question, and I respectfully submit that the judgment of the lower court should be reversed and the cause remanded for a new trial.

*W. F. Gee,* for appellee.

The appellee contends that all amounts owing to the M. & M. Planting Company has been paid, that they had no legal claim against him. First, because that a part of the account was not itemized, and for that reason fails to be such a charge against this appellee as can be collected under the law, and when stricken from the account as shown by the record there is nothing due by the appellee

under the deed of trust.  Second, because on certain items of money and merchandise charged to the appellee there was added interest at a greater rate than twenty per cent. per annum, which under the law forfeits the principal and interest and when this amount is charged from account, it leaves nothing due under the deed of trust.  Third, because the accounts of Alex Jones, Will Holt, and Fred Taylor, was added to the account of the appellee, without any legal authority so to do, and when these amounts are stricken from the account as shown by the records, page 29, there is nothing due by the appellee under the deed of trust.

If the appellee is correct in either of the above contentions then this case should be affirmed.  The account as shown by the record bears the appellee out in his contentions that if either of the above contentions is correct, the amounts claimed on account, if either be deducted there will be nothing owing by the appellee under the deed of trust.  The real question then will be, is the appellee correct as a matter of law in either of his contentions?

That an account should be itemized so as to show the items and the amounts for each, or the amount charged per pound, or should be amended so as to show same.  See *Pipes* v. *Norton,* 47 Miss. 61; *Tierney* v. *Duffy,* 59 Miss. 364; *Bloom* v. *McGrath,* 53 Miss. 249, and the later case of the *Southern School Depository* v. *Donald,* 76 So. 519, 115 Miss. 465.

Appellee contends that under these cases that the account was not itemized so as to make a legal charge against him or to put him to proof as to the charges, and the appellant failing and refusing to amend so as to properly show the items and amounts charged for each, the judgment of the lower court was correct.

It is argued in appellant's brief because this was shown in cross-examination and books of account was made exhibits to the appellee's cross-examination, that made the account and the books the appellee's evidence, will not avail.  Appellee thinks this argument falls of its own

weight and appellee submits that the authorities cited by appellant in this case on this point are not in line, and do not control in this case.

The appellant contends that the lower court erred on the second ground mentioned above, because the record does not show that the usury interest was either contracted for or received, and while appellee thinks that the construction that appellant tried to put on this usury statute, is too narrow, see section 2075, Hemingway's Code, and cases there annotated, failed anyway because the records show that two thousand eight hundred and thirty-six dollars and seventy-nine cents had been paid by the appellee, and it will be seen from an examination of the account that the same was paid down several times to within a small amount or even, and on one occasion as mentioned in appellant's brief was overpaid, and was overpaid at the time this suit was brought, without the accounts of Alex Jones, Will Holt, and Fred Taylor being wrongfully charged thereon.

Appellant submits that the records show that this usury interest was paid by the appellee and received by the M. & V. Planting Company, and if appellee is wrong as to the three accounts mentioned being charged, the account would still have been overpaid when the items that were not legally itemized are stricken therefrom, and as more than twenty per cent interest has been paid and received then the judgment of the lower court should be affirmed on this ground.

And lastly the appellee contends that the charge of the accounts of Alex Jones, Will Holt and Fred Taylor, after the end of the year, and after appellee's account was more than balanced, was done without legal authority and that the judgment of the lower court on this ground was correct. It is not shown anywhere in the record that appellee ever agreed verbally or in any other way to pay or be be bound for these three accounts, see record page 43, first question and answer, and the charge of same to the appellee

was a nullity under the statute of frauds.  See section 3119, Hemingway's Code, and cases there annotated.

We respectfully submit that the judgment of the lower court was correct and should be affirmed.

ANDERSON, J., delivered the opinion of the court.

This is a replevin suit begun in the circuit court of Quitman county by the appellant, Morgan, as trustee in a chattel mortgage in favor of Mathews & Mallory, engaged in planting, against the appellee, Alf King, their tenant, for certain personal property covered by said mortgage.  There was a trial and directed verdict in favor of appellee and judgment accordingly, from which appellant prosecutes this appeal.

The action of the court in directing a verdict for appellee is assigned as error.  Therefore, in considering the questions involved, the evidence should be treated as establishing, either directly or by reasonable inference, every fact favorable to appellant's case.

The appellee's defense was that there was nothing due on the mortgage indebtedness at the time the suit was instituted.  The mortgage in question contains the usual supply clause used in chattel mortgages between supply merchant and customer.  The indebtedness secured was evidenced by the customary running supply account between landlord and tenant, which showed a balance due of four hundred and eighty-eight dollars and ninety cents.

At the conclusion of the evidence appellee's attorney moved to exclude:  First, because the account evidencing the mortgage indebtedness was not itemized; second, because the evidence showed that more than twenty per cent. per annum had been contracted for or received on said indebtedness; and, third, because the accounts of appellee's tenants, Jamison, Holt, and Taylor had been improperly charged to appellee.

The account in question was introduced in evidence.  It contains several charges which were not itemized.  To sus-

tain the contention that for this reason the account was
not evidence of the mortgage indebtedness, appellee relies
on *Pipes* v. *Norton,* 47 Miss. 61, and *Tierney* v. *Duffy,* 59
Miss. 364. We do not think these cases have any applica-
tion to the facts of the present case. Those were actions at
law, based on open accounts in which a bill of particulars
was required. The question in each of those cases was the
sufficiency of the bill of particulars. In the case here no
bill of particulars was asked for by the appellee nor re-
quired by the court. And, furthermore, where a bill of
particulars in the form of an itemized account is required,
the fact that such an account is not properly itemized does
not go to its competency as evidence, but to its value. The
question of the amount of the mortgage indebtedness un-
paid was determinable in this case, not alone by the ac-
count, but by all the evidence in the case.

Does the evidence in this case show without conflict that
the mortgages, Mathews & Mallory, contracted for or re-
ceived on any of the items of the account in question more
than twenty per cent. per annum? The evidence *does*
show beyond question that on all money advanced by the
beneficiaries in said mortgage they charged ten per cent.
interest straight, regardless of the time the indebtedness
had to run, and that in several instances these advances of
cash were to be repaid in a shorter time than six months.
Therefore it cannot be questioned that as to such items the
appellee *charged* more than 20 per cent. per annum.

Chapter 229, Laws of 1912, section 2075, Hemingway's
Code, contains this provision:

"If a rate of interest is *contracted for or received*" (italic
ours) "directly or indirectly, greater than twenty per cent.
per annum, the principal and all interest shall be forfeited,
and any amount paid on such contract may be recovered by
suit."

As held in *Byrd* v. *Newcomb Lumber Co.,* 118 Miss. 179,
79 So. 100, this statute is highly penal, and must be strictly
construed against the person invoking it, and that it can-
not be invoked except where it is clear and certain from

the particular facts of the case that more than twenty per cent. per annum was either *contracted for or received.* It is not sufficient that the creditor *has charged* more than twenty per cent. per annum; he must have contracted for it or received it. We do not think the evidence in this case is at all clear that the beneficiaries in this mortgage either contracted for or received interest in violation of this statute. Under the evidence in the record this was a question for the jury.

The accounts of appellee's tenants, Jamison, Holt, and Taylor, represented as much and probably more than the balance claimed to be due on the mortgage indebtedness. Therefore, if their accounts were improperly charged to appellee, it would follow that the mortgage indebtedness to Mathews & Mallory had been discharged. The evidence is conflicting and uncertain as to whether the beneficiaries in the mortgage charged these accounts to the appellee without any authority, or whether the credit on which these accounts were based was originally extended to the appellee. If the latter be the fact, then the contract would not come within that clause of the statute of frauds (section 4775, Code of 1906; section 3119, Hemingway's Code) which provides that no action shall be brought whereby to charge a defendant upon a promise to answer for the debt of another, unless, such promise be in writing, signed by the party sought to be charged. It was settled a long time ago in this state that if the credit was originally extended to the party sought to be held, and not to the party who received the goods, the contract does not come within the said provisions of the statute of frauds. *Wallace* v. *Wortham,* 25 Miss. 119, 57 Am. Dec. 197; *Hendricks* v. *Robinson,* 56 Miss. 694, 31 Am. Rep. 382. We therefore conclude that under the evidence this was a case for the jury.

*Reversed and remanded.*