22884.  MASSELL REALTY COMPANY v. HAGAN et al., executors.

STEPHENS, J.  1. A provision in one of a series of ten notes executed on the same date and due at successive intervals, given for interest on a loan in a principal sum, that "if this note or any part thereof is not paid when due, . . all other notes outstanding, bearing even date with these presents and given for the same intent and purpose as this note, shall, at the option of the holder, become due and collectible," has no reference to notes other than those given for the interest of the principal loan, and does not effect an acceleration of the due date of the principal, or render due and collectible any note given therefor.  The "intent and purpose" of the interest-coupon note containing the provision re-

ferred to is the payment of interest on the principal debt; and notes of "even date" therewith and "given for the same intent and purpose of this note" are the other interest-coupon notes only. The note for the principal indebtedness was not given for the intent and purpose of paying interest upon the principal indebtedness, but was given for the intent and purpose of paying the principal indebtedness only.

2. Where the date of maturity of the principal note is not accelerated by any contractual provision, but, notwithstanding the quoted provision from the interest-coupon note, matures five years from the date of its execution, the ten interest-coupon notes, all of which become due at the option of the holder on the nonpayment of one of them, represent the interest on the principal for the five-year period, and the contract accelerating the dates of their maturity for the nonpayment of one of them provides for the payment of the aggregate amount of interest for the five-year period at one time and before the entire amount of interest thus collectible has been earned; and notwithstanding the contractual right to collect a portion of this interest in advance and before it is earned, the interest, where not in excess of that allowed by law, is not usurious; and where the interest thus due and collectible in advance is not taken or collected when due, so as to effect a reduction in the amount of the principal advanced, and thereby render the interest reserved or taken usury, the contract by virtue of the acceleration clause in the interest-coupon notes is not usurious. See *McCrary* v. *Woodward, 122 Ga.* 793 (50 S. E. 941).

3. In a suit by the maker of an interest-coupon note which had matured, and which contained the acceleration clause quoted above, who had paid the note, against the person to whom the maker sold the property given as security for the payment of the principal note and the interest thereon, and who agreed with the maker to assume the loan and the interest, the court did not err in disallowing a proffered amendment to the defendant's plea, setting out the defense of usury.

4. An allegation in the proffered amendment that the acceleration clause in the interest-coupon note sued on operated to accelerate the date of the maturity of the principal note, at the option of the holder, for nonpayment of the interest-coupon note sued on, and that the principal became then and there due and collectible, are mere conclusions of the pleader, and no facts appear upon which these conclusions can be based.

5. The trial court did not err in disallowing the proffered amendment and thereafter rendering a verdict and judgment for the plaintiff; and the judge of the superior court did not err in dismissing the certiorari, by which it was sought to review the judgment of the appellate division of the municipal court of Atlanta affirming the verdict and judgment for the plaintiff.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

Decided September 21, 1933.

*Samuel A. Massell, J. K. Jordan,* for plaintiff in error.
*Anderson, Crenshaw & Hansell, Warren Cox, Ben F. Cheek Jr.,* contra.