300 So.2d 455 (1974)
Ernest LIDDELL, on behalf of himself and all others similarly situated,
v.
LITTON SYSTEMS, INC., a Delaware corporation, and the Ingalls Employees Credit Union, a Mississippi corporation.
No. 47655.
Supreme Court of Mississippi.
September 23, 1974.
Bernard W.N. Chill, Marlane E. Chill, Jackson, McRae & Baker, Pascagoula, for appellant.
Karl Wiesenburg, Pascagoula, Brunini, Grantham, Grower & Hewes, William Timothy Jones, Jackson, for appellee.
WALKER, Justice:
Appellant Ernest Liddell filed his bill and amended bill of complaint on behalf of himself and all others similarly situated against Litton Systems and Ingalls Employees Credit Union.
Appellant alleged that the Credit Union with the knowledge and participation of Litton operates a loan service for the benefit of its members; that appellant secured *456 a loan from the Credit Union in the principal amount of $45.00; and that the Credit Union with the knowledge and participation of Litton exacted a usurious rate of interest for the loan in contravention of the usury laws of Mississippi. He further alleged upon information and belief that a usurious rate of interest was demanded and received for all loans made to employees of appellant's class. A copy of the note evidencing appellant's debt to the Credit Union was attached as an exhibit to the complaint. Special relief including forfeiture of principal and interest was sought by appellant on behalf of himself and all members of the alleged class.
Appellant contended that all members of the class shared common questions of law and fact: the primary question of law being the right to recover principal and interest pursuant to Mississippi Code Annotated section 75-17-1 (Supp. 1973), where a rate in excess of twenty percent per annum is exacted; and, the common question of fact being that a rate of interest in excess of twenty percent per annum was exacted from all members of the class. Appellant asserted that the class consisted of all present and past employees of Litton and employees of the Credit Union who within the relevant limitations were required to pay and did pay interest on loans made by the defendant in excess of twenty percent per annum. This allegedly involved over 350,000 separate transactions and in excess of $10,000,000. He further alleged that the class was fully ascertainable from the defendant's records and that joinder of all members in a single action would be impractical.
In the lower court, Litton filed a demurrer to the amended bill, a motion to dismiss, or, in the alternative, for a change of venue. The Credit Union also moved to dismiss the amended bill. The chancellor sustained the respective motions to dismiss the amended bill of complaint for want of jurisdiction.
The dispositive question in this case lies at the very threshold of the litigation since this is an attempt by the appellant to invoke the forfeiture provisions of the state usury laws, in the name of a class action, on behalf of numerous other individuals without their knowledge or consent.
This Court has held that the forfeiture provisions of the usury laws are highly penal in nature and must be strictly construed. Tower Underwriters, Inc. v. Lott, 210 Miss. 389, 49 So.2d 704 (1951); Morgan v. King, 128 Miss. 401, 91 So. 30 (1922); Byrd v. Newcomb Mill & Lumber Co., 118 Miss. 179, 79 So. 100 (1918).
The general rule with reference to who may invoke the penalty provisions of usury statutes is found in 91 C.J.S. Usury § 151 (1955) which states the rule thusly:
Only those persons who are designated expressly or impliedly by the statute establishing the penalty may enforce it. Usually the privilege of claiming the penalty is restricted to the person who has actually paid the usury and who is an original party to the usurious contract.
In the case sub judice, the appellant, Ernest Liddell, was not an original party to any of the alleged usurious contracts except one involving some $45.00 and admittedly had no interest in the thousands of other contracts possibly involving millions of dollars.
This Court had before it an analogous situation in Fry v. Layton, 191 Miss. 17, 2 So.2d 561 (1941), where a small loan business was operated by appellant who loaned money to the appellee and others at an alleged usurious rate of interest. The appellee contacted eighteen persons who had borrowed money from the appellant, and for $1.00 each he purchased notes which such borrowers had allegedly paid to appellant along with the rights of such borrowers growing out of these loans. The appellee, as assignee, then sued appellant in the circuit court for the principal and interest of these notes and two additional notes he himself had paid appellant. After the trial *457 court returned a verdict and judgment against the appellant, he appealed to this Court alleging, inter alia, that the right to recover usury is personal to the borrower and hence, suit could not be maintained by appellee as assignee. This Court held that Layton could not recover as assignee of the loans of other borrowers, but could only sue on the notes to which he was a party. In reaching this result, the Court said:
In the action at bar, appellee was a total stranger to these contracts  had no connection whatever with them. He was in nowise affected by the alleged payment of usury. He went about the champertous business of gathering up these claims for a nominal consideration and suing thereon in his own name to recover the principal and interest of these loans  a profitable business indeed if permitted. (191 Miss. at 29, 30, 2 So.2d at 565.)
We think that the language used by Judge Holder in Byrd v. Newcomb Mill & Lumber Company, 118 Miss. 179, 79 So. 100 (1918) is appropriate here:
The statute protects and safeguards the borrower by penalizing sharply the lender in the usurious contract; but it was not meant to give to the borrower any unjust advantage of the lender. Its good purpose should not be perverted into a source of legal fraud by borrowers upon lenders. (118 Miss. at 194, 79 So. at 101).
The appellant argues, however, that this suit is brought on behalf of and for the benefit of the thousands of unnamed borrowers who allegedly paid a usurious rate of interest and is distinguishable from Fry, supra. We are not impressed with this argument. If the right to invoke the highly penal forfeiture provisions of the usury laws cannot be assigned even by an instrument in writing as was done in Fry, then it logically follows that such right cannot be invoked by a stranger on behalf of a borrower who has no knowledge of the impending litigation and who may or may not appreciate the acts of his would-be benefactor. The bill of complaint alleges that all of the thousands of borrowers comprising the so-called class for whose benefit the suit is brought are also members of the Credit Union. Therefore, it must be assumed that these same members, or a large portion of them, have their own funds on deposit with the Credit Union and would not want to jeopardize its stability as a suit of this type, involving millions of dollars, could very well do if allowed.
The right of an individual to sue or not to sue to invoke the penal provisions of the usury laws is an election to be made by the individual who is given that right by the law, that is the borrower, and this right cannot be exercised by a stranger, on behalf of the borrower, irrespective of his motives.
We would also point out that the appellant, Liddell, has a complete and adequate remedy at law if he has in fact been aggrieved as does each member of the alleged class who would elect to sue.
We are, therefore, of the opinion that the lower court properly dismissed appellant's bill of complaint for want of jurisdiction. The difficulty of maintaining any class action suit is demonstrated in Barrett v. Coullet, 263 So.2d 764 (Miss. 1972) and in Evans v. Progressive Casualty Insurance Co., Miss., 300 So.2d 149, decided September 9, 1974.
The judgment of the lower court dismissing appellant's bill of complaint is affirmed.
Affirmed.
RODGERS, P.J., and ROBERTSON, SUGG and BROOM, JJ., concur.