## 37682.  HAIRE v. ALLIED FINANCE COMPANY.

GARDNER, Presiding Judge.  This is a case arising in Tift Superior Court on a suit on a note executed by the defendant James P. Haire, and also signed by his wife, Evelyn G. Haire, in favor of the Allied Finance Company, (hereinafter called the plaintiff), wherein the plaintiff made a loan under and pursuant to the provisions of the Georgia Industrial Loan Act of 1955 (Ga. L. 1955, p. 431 et seq.).  It appears from the record, there being no evidence presented and the case being decided solely on the pleadings, that the defendant signed the note to which reference is made and that his wife signed it with him, such note and loan being secured by a certain 1948 Chevrolet automobile and certain household furniture.  Said note provided for eight percent interest from December 1, 1957, and for 15 percent attorney's fees.  The plaintiff brought suit against the defendant and also against the defendant's wife to recover on such note a balance in the amount of $528.15, and also to recover the interest due, together with the 15 percent attorney's fees as provided for in said note.  It appears that due and proper notice in writing had been given to the defendant and his wife to claim attorney's fees as provided in the note, and there is no denial thereof.  The defendant demurred to the petition and the court overruled the demurrer, to which exception was had.  The case was dismissed as to Mrs. Haire, but remained pending in the trial court as to the plaintiff against the defendant on said note, based on the facts as set out in the plea and answer of such defendant and the plaintiff's petition with exhibits, namely, the note sued on and secured by said Chevrolet car and furniture.  It appeared from said pleadings, upon which this case was determined, that the defendant had executed in favor of the plaintiff a certain note and that there was due a balance thereon together with the charges hereinbefore set out.  The defendant contended that such charges, being in excess of eight percent per annum on the loan, amounted to usury.  There was no attack on the said act of 1955, as being invalid or as being unconstitutional on any grounds, and under said act such amount was not usury.  However, the defendant asks that this court now review and overrule the decision of *Robbins* v. *Welfare Finance Corp.*, 95 *Ga. App.* 90 (96 S. E. 2d 892), wherein this court ruled that

"The interest and charges on the loan in question were made pursuant to the provisions of the Industrial Loan Act (Code, Ann., § 25-301) and were not usurious." The present case is one on the note and not in trover as was the *Robbins* case, but the principles underlying said decision in the *Robbins* case control the present situation. The *Robbins* decision followed Ga. L. 1955, p. 431 et seq., and there is no question raised herein showing that such act is invalid or that the construction and interpretation placed thereon by this court in that decision were in any wise incorrect and improper. On page 94 of the decision in the *Robbins* case, being the portion thereof controlling herein, this court said: "3. It is further contended that the amounts charged for the money lent under the provisions of the Industrial Loan Act (Ga. L. 1955, p. 431 et seq.; Code, Ann. § 25-301 et seq.), amounted to usury because interest was charged on interest discounted, on fees and on the insurance premium. The contention that the insurance premium was a usurious charge because no insurance policy was delivered to the borrower is without merit. 'A contract of insurance . . . to be binding, must be in writing, but delivery is not necessary if, in other respects, the contract is consummated.' *Metropolitan Life Ins. Co.* v. *Thompson*, 20 *Ga. App.* 706 (1) (93 S. E. 299). The purpose of the act was to regulate the business of making loans of $2,500 or less, and to eliminate certain abuses in this field. On loans repayable in instalments for 18 months or less, the lending agency is under the act entitled to make an interest charge of 8% per annum of the face amount of the contract discounted in advance, and in addition thereto a charge for making the loan not greater than $1 plus 8% of the first $600 of the face amount of the contract plus 4% of the excess. Certain stated insurance charges may be made, but no further charges of any kind except fees for recording, or insurance against non-recording . . ." The words "face amount of the contract" can only refer to the amount of the obligation as shown on a promissory note, not merely to the amount which the defendant obtained in cash or as payment of prior obligations. As stated in the *Robbins* case, "The contract is for not only the amount the debtor desires for his own use, but for the amount it is necessary for him to borrow in order to obtain what he needs for his own use. The words 'face amount of the contract' are clear and unambiguous . . . Accordingly, the

procedure here followed is in accordance with the unambiguous language of the act and the administrative interpretation thereof, and will not be held to be usurious."

This court has carefully considered the briefs of the defendant. In *Union Savings Bank &c. Co.* v. *Dottenheim,* 107 Ga. 606(1) (34 S. E. 217), it is stated: "Where money is loaned and interest is calculated at the highest lawful rate for the full period of the loan, and the aggregate of the principal and interest thus calculated is divided into as many notes as the period embraces months, one of such notes maturing each month, the transaction is . . . infected with usury." This case is inapplicable under the facts of the instant case. See also *Parker* v. *Fulton Loan &c. Assn.,* 42 *Ga.* 451, to the effect that payments under a contract which is usurious may be recovered. This is a correct principle of law, but that case predated the act of 1955 as set out in Code (Ann.) § 25-301 et seq. There is nothing in the present case to show that the loan involved did not follow the Georgia Industrial Loan Act. The decisions referred to are correct and set forth the law and nothing ruled in the case sub judice tends to contradict them. Code § 57-105 was enacted long before the act of 1955 now being dealt with. The case of *Almand* v. *Almand & George,* 95 *Ga.* 204, 206 (22 S. E. 213) has nothing to do with the questions involved in the case at bar. The cases decided before the act of 1955 herein involved correctly interpreted the law as then extant. It therefore follows that there is no usury in the contract herein dealt with and upon which this action is predicated. There is no plea of usury properly set out as to the action involved under the said act of 1955, and there is nothing in this case rendering erroneous the verdict and the ruling and the judgment of the trial court under the pleadings and the facts.

The trial court properly rendered judgment against the defendant and in favor of the plaintiff on the note and contract involved.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED MAY 28, 1959.

*John Henry Poole,* for plaintiff in error.
*Reinhardt & Ireland, D. C. Ireland,* contra.