46502.   LEWIS v. TERMPLAN, INC., BOLTON.

ARGUED SEPTEMBER 8, 1971—DECIDED OCTOBER 1, 1971.

*Larry D. Woods, David G. Crockett, David A. Webster,* for appellant.

*Richard V. Karlberg, Jr.,* for appellee.

DEEN, Judge. It is noted that the face amount of the instrument sued on was figured, as to principal, interest, fees and insurance, according to the method approved in *McDonald v. G. A. C. Finance Corp.,* 115 Ga. App. 361 (1) (154 SE2d 825). The judgment in that case, however, did not, as here, include the added-in interest but only that part of the balance reflecting principal indebtedness.

This plaintiff sought and obtained a judgment which, judged alone by the terms of the instrument, was valid. It claims that all payments were late. The interest sought was $26.24, or 8% of $328, which would seem to indicate plaintiff attempted to rely on the acceleration clause maturing the debt from October 5, 1969, one year prior to filing suit, although it also contends the interest should run from April 5, 1970. Eight delinquency fees of 5% were collected, so although we give the plaintiff the benefit of this doubt and apply the $26.24 interest for the period from March 5, 1970, through February 5, 1970 (the date of judgment being January 13, 1970), the interest is still usurious. *Code Ann.* § 25-315 (d) is clear that a 5% delinquency charge may be made only once as to any instalment and this is all that may be made. But the real difficulty is that the maximum interest for a 24-month note had already been calculated and included and could not, under *Code Ann.* § 25-315 (a) be discounted in advance, for which reason when the plaintiff opted to accelerate and claim unearned interest on the otherwise unmatured instalments of November 5, 1970, through June 5, 1971, this amount was usurious and the instrument authorizing its collection is void under *Code Ann.* § 25-9903. In fact, it is doubly usurious because the judgment sought and obtained included not only unaccrued interest for the period beyond October 10, 1970, through June 1971, when the loan would have been paid out under its terms.

The Industrial Loan Act makes certain financial transactions legal which would otherwise be usurious under *Code* § 57-101. The statute does not deal with the effect of acceleration clauses and, as seen above, there may be a valid exercise of acceleration provisions where only the principal balance is sought, but to attempt to accelerate the payment of that part of the instalments including unearned interest, even\ without the attempt to charge additional interest thereon from the date of acceleration, obviously gives a higher interest return on the use of the money than is authorized under the statute, and therefore nullifies the entire transaction. Some foreign cases dealing with this question are collected in 100 ALR, Anno., Usury as Affected by Acceleration Clause, p. 1431 et seq. Some of them have considered the language of the instrument non-usurious in intent where it provided for acceleration of the "indebtedness," the court holding that this meant the legal indebtedness consisting of the principal balance after deducting unearned interest, but we cannot apply this reasoning to an instrument which provides for acceleration of all "instalments," and the instalment necessarily includes interest. Other cases have treated the unearned interest as collectible on the basis that it is not at the time to be considered as interest but as a penalty for nonpayment. We cannot apply this reasoning because *Code Ann.* § 25-315 (d) specifies the only penalty which may be collected for late payment. Under another statute it was held in *South Ga. Mercantile Co. v. Lance,* 143 Ga. 530, 537 (85 SE 749) that one may elect after acceleration following default to proceed for the outstanding principal balance plus whatever interest is in fact lawful regardless of the specific terms of the instrument. Unaccrued interest otherwise usurious was permitted to be collected in *Massell Realty Co. v. Hagan,* 47 Ga. App. 532 (171 SE 239) where only the interest and not the principal balance was subject to an acceleration clause, but that rationale would not apply here because i. would constitute a collection of interest in advance prohibited to a note running over 18 months in violation of *Code Ann.* § 25-315 (d). The plaintiff here did knowingly charge, contract for, and obtain a judgment authorizing collection of charges in excess of those permitted under *Code Ann. Ch.* 25-3. In fact, even *Code* § 57-105, providing that interest from date, if so stipu-

lated, may be recovered if the debt is not punctually paid at maturity, is applicable only where "interest has not already been included in the principal amount." "Without showing a full compliance with the terms of the Act the transaction is null and void. *Code Ann.* § 25-9903. While the burden of proof was on the defendants in fi. fa. to prove the allegations of the affidavit of illegality, when the evidence disclosed that the interest charged on the loan exceeded 8% per annum the burden of evidence shifted to the plaintiff in fi.fa. to prove that the loan was not usurious." *Colter v. Consolidated Credit Corp.*, 116 Ga. App. 520 (2) (157 SE2d 812). And see *Haire v. Allied Finance Co.*, 99 Ga. App. 649, 651 (109 SE2d 291); *Securities Inv. Co. v. Pearson*, 111 Ga. App. 761 (143 SE2d 36).

The denial of the defendant's motion for summary judgment was error.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*