49388. FRAZIER et al. v. COURTESY FINANCE COMPANY.

PANNELL, Presiding Judge.

Courtesy Finance Company brought an action against Robert Lee Frazier and Christine Frazier alleging it was duly licensed under the Georgia Industrial Loan Act and seeking to recover $1,480.50 principal due on a loan agreement, dated April 30, 1971, together with attorney fees pursuant to a notice given therefor. A copy of the loan agreement and the notice were attached. The notice of attorney fees also contained a notice declaring the balance of principal due and payable. Upon failure of the defendants to answer, a judgment for the amount sued for was taken by default. Subsequently, defendants filed a motion to set aside such judgment on the grounds that the loan agreement on its face showed that it was in violation of the Industrial Loan Act and, therefore, void because of the following acceleration clause contained in the loan agreement, under the portion thereof designated as the note: "Failure to pay *any payment* promptly when due, time being of the essence of this contract, shall at the option of the Holder, hereof, with or without notice, render all remaining payments due and payable." (Emphasis supplied.) The trial judge overruled the motion and the defendants appeal to this court, in which court the appellee made no appearance. *Held:*

1. We are not concerned here with whether the lender, by the acceleration made, is attempting to collect

more than is authorized by the Act, or whether the acceleration made was authorized by an acceleration provision in the security agreement portion of the loan agreement; but we are here concerned with whether the terms of the loan agreement, as quoted above, by the acceleration provided for, authorized a collection of more than the Industrial Loan Act permitted. See *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96 (1) (205 SE2d 110). This calls for a construction of the acceleration clause agreement above quoted. The amount of the loan, as shown on the face of the instrument, was $1,448.28. The amount of the note shown on the face of the instrument was $1,680 (being 2 years interest at 8% added on) payable in 24 monthly instalments of $70 each. Each *payment* necessarily included a portion of the interest, a contract for the acceleration of which is in violation of the terms of the Act. Since the provision referred to contracts for the acceleration of unearned interest, it is a contract authorizing the collection of more than is provided or approved by the Industrial Loan Act and thus authorizes a result contrary to its terms, and is in violation of the Act; the loan is void, and the judgment subject to the attack made. Section 16 of the Georgia Industrial Loan Act (Ga. L. 1955, pp. 431, 442; Code Ann. § 25-316); Section 20 of the Georgia Industrial Loan Act (Ga. L. 1955, pp. 431, 444; Code Ann. § 25-9903); *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96 (1), supra.

The trial court erred in refusing to sustain the motion to set aside the judgment.

*Judgment reversed. Deen and Webb, JJ., concur.*

ARGUED MAY 30, 1974 — DECIDED JULY 11, 1974.

*Richard D. Ellenberg,* for appellants.