28879, 28940. G. A. C. FINANCE CORPORATION v.
HARDY; and vice versa.

HALL, Justice.

In 1972, after the maturity of the note in question, G. A. C. Finance Corporation ("G. A. C.") obtained a default judgment against Catherine Hardy upon a note to which the provisions of the Georgia Industrial Loan Act (Code Ann. § 25-301 et seq.; Ga. L. 1955, p. 431 et seq.) apply. Subsequently, the debtor moved to set the judgment aside on the double ground that (1) the note showed on its face that G. A. C. had sought to contract in the event of default by debtor for the acceleration of all remaining instalments including earned and *unearned* interest, and that (2) the note stated that it "shall bear interest after maturity at the rate of 8% per annum . . .", all in violation of Code Ann. § 25-9903 and *Lewis v. Termplan, Inc., Bolton,* 124 Ga. App. 507 (184 SE2d 473). The trial court denied the motion, but the Court of Appeals reversed that decision in *Hardy v. G. A. C. Finance Corp.,* 131 Ga. App. 282 (205 SE2d 526), finding merit in the first ground of the motion, but none in the second. Here, each party sought and was granted certiorari to review that part of the Court of Appeals' decision unfavorable to him.

Upon careful review of the issues presented, we conclude that the opinion of the Court of Appeals was correct as to the law and its application to the facts of this case, and we affirm that judgment without further opinion.

*Judgment affirmed. All the Justices concur, except Ingram J., who concurs specially.*

ARGUED JULY 8, 1974 — DECIDED SEPTEMBER 3, 1974.

*Lucian Lamar Sneed, John W. Bland, Jr.,* for appellant.

*Lee Payne, Alfred C. Kammer, II, Michael H. Terry,* for appellee.

INGRAM, Justice, concurring.

I concur in the judgment of the court in this case, but I think it needs to be emphasized that this judgment for the principal amount of the loan was a judgment on the note or loan contract itself. We have affirmed the judgment of the Court of Appeals which held the trial court erred in denying the defendant's motion to set aside this judgment because the terms of the note violate the Industrial Loan Act. However, in my view, this does not preclude the lender from recovering in a separate assumpsit action the actual monies loaned to the borrower. See the concurring opinion filed in *Ga. Investment Co. v. Norman,* 231 Ga. 821, 827 (204 SE2d 740). For the reasons set forth therein, I believe the lender cannot recover on the note or loan contract because it is "null and void." However, "[t]his leaves an implied obligation on the borrower to repay the actual money loaned to him."