48780. HARDY v. G. A. C. FINANCE CORPORATION.

QUILLIAN, Judge.
G. A. C. Finance Corporation brought suit on a note

against Catherine Hardy in the Civil Court of Fulton County. The defendant did not file an answer and a default judgment was taken against her in the amount of $196.25 principal and $29.44 attorney fees. The note in question which was attached to the complaint as an exhibit shows that it was executed on December 2, 1969 and the maturity date thereof was March 2, 1971. At the time the suit was filed on October 16, 1972, the note was therefore fully matured. The note contained two pertinent provisions. The first read: "This note shall bear interest after maturity at the rate of 8% per annum as permitted by law." The second provision was: "A default in the payment of any instalment hereof shall, at the option of the lender, its assigns or any subsequent holder hereof, and without notice or demand render the entire balance at once due and payable. . ."

The defendant filed a motion to set aside the judgment predicated on the contention that the note showed on its face that the plaintiff had sought to contract for the acceleration of all the remaining instalments and for unauthorized interest as indicated by the two provisions which we have quoted above. The motion alleged that there was a violation of Code Ann. § 25-9903 (Ga. L. 1955, pp. 431, 444), and the rule set forth in *Lewis v. Termplan, Inc.,* 124 Ga. App. 507 (184 SE2d 473).

The motion came on to be heard and after argument on behalf of the plaintiff and the defendant, the trial court denied plaintiff's motion to set aside the judgment. The defendant then appealed to the appellate division of the Civil Court of Fulton County which affirmed the denial of the defendant's motion. Thereupon, appeal was taken to this court. *Held:*

1. As the defendant sets forth in the brief to this court, this is a case involving less than $300 in the Civil Court of Fulton County. Hence, the Civil Practice Act is not applicable. *Lymon v. Hollywood Fashions,* 126 Ga. App. 627 (191 SE2d 473). See Davis and Shulman, Georgia Practice and Procedure, § 28-41, p. 447 (3d Ed. 1968); Ga. L. 1933, pp. 290, 297.

2. It is argued that the quoted part of the contract

providing for interest after maturity violates the Industrial Loan Act and is not allowed under Code § 57-105, since interest was included in the principal.

The contention is not meritorious. Code § 57-105 has reference to recovery of "back" interest from the date of the note where such is not paid at maturity. *Alexander v. Troutman,* 1 Ga. 469. Under that section interest must not have been included in the principal amount.

Code § 57-105 is not controlling since the contract here provides for interest not from *date* but from maturity, "All liquidated obligations bear interest from the date of maturity as provided by law . . . When the obligation matures the holder has a right to payment. Upon default by the obligor, the holder is entitled to interest at the legal rate as provided by law." *Jenkins v. Morgan,* 100 Ga. App. 561 (1) (112 SE2d 23). There is no inhibition against charging interest on interest which is past due. "When an obligation to pay interest is put in the form of an interest note, that note becomes a liquidated demand; and when it is not paid at maturity it bears interest as such, certainly if the parties have contracted that it should." *Walton v. Johnson,* 213 Ga. 108, 110 (97 SE2d 310). This has long been the rule in Georgia. *Pinckard v. Ponder,* 6 Ga. 253, 256; *Union Savings Bank &c. Co. v. Dottenheim,* 107 Ga. 606, 614 (34 SE 217) and cits.

The Industrial Loan Act regulates interest charged within its purview but does not determine legal interest after maturity which is within the scope of the cases cited interpreting Code Ch. 57-1 and particularly Code § 57-110. No violation of our laws was shown by the contractual provision in question.

3. Code Ann. § 25-316 (Ga. L. 1955, pp. 431, 442) recites: "No licensee shall charge, contract for, or receive any other or further amount in connection with any loans authorized by this Chapter, in addition to those hereinbefore provided . . ." It is clear that the plaintiff in this case did not charge for or receive any interest in violation of the Industrial Loan Act. However, there remains the question under the terms of the note of whether the plaintiff contracted for a sum in excess of that lawfully allowed to be charged. See *Jobson v.*

*Masters,* 32 Ga. App. 60 (122 SE 724); *Seaboard Security Co. v. Campbell,* 42 Ga. App. 299 (3) (155 SE 779); *Southern Loan Co. v. McDaniel,* 50 Ga. App. 285, 287 (4, 5) (177 SE 834).

This case is controlled by the opinion in *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96. See also *Lewis v. Termplan,* 124 Ga. App. 507, supra; *Roberts v. Allied Finance Co.,* 129 Ga. App. 10 (198 SE2d 416). The note in question contains a phrase that the promisor consented "that interest paid, or to be paid, before, and or after maturity may be at eight per cent per annum." When read in conjunction with the provision for acceleration, a violation of the Industrial Loan Act appears on the face of the record. Hence, the trial court erred in denying the defendant's motion to set aside the judgment.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED NOVEMBER 5, 1974 — DECIDED FEBRUARY 19, 1974 — REHEARING DENIED MARCH 14, 1974 — ■

*Lee Payne, Alfred C. Kammer, II,* for appellant.
*Lucian Lamar Sneed,* for appellee.