## 49764. BENEFICIAL FINANCE COMPANY OF ATLANTA v. TREFF.

BELL, Chief Judge.

Plaintiff brought suit on a promissory note. The defendant did not file an answer and a default judgment was entered. Subsequently, defendant moved to set aside the judgment on the ground that the note reflected on its face that plaintiff contracted for interest in excess of that allowed under the Georgia Industrial Loan Act (Code Ann. § 25-301 et seq.; Ga. L. 1955, p. 431 et seq.). The court granted the motion. *Held:*

Plaintiff complains that the trial court erred by holding that this case was controlled by *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96 (205 SE2d 110); *Hardy v. G. A. C. Finance Corp.,* 131 Ga. App. 282 (205 SE2d 526), affirmed, 232 Ga. 632 (208 SE2d 453). The contracts or notes in the cited cases and in this case all contain acceleration clauses to the effect that on default of an instalment a denominated sum would become immediately due and payable. In *Lawrimore,* the sum was described as "all instalments"; in *Hardy,* as "the entire balance"; and, here as "the entire amount." Despite the synonymity of the language in *Hardy* with that here, plaintiff urges that the language must be read, "The entire amount [lawfully] due hereon." We disagree. The insertion of the word "lawfully" is no more applicable here than in *Hardy.* Also, it is settled that no construction is either required or permitted when the contract language is plain, unambiguous, and capable of only one reasonable interpretation. Language must be afforded its literal

meaning and ordinary words given their usual significance. *Wolverine Ins. Co. v. Jack Jordan, Inc.,* 213 Ga. 299 (99 SE2d 95). The contract here discloses the face amount of the loan due to be the amount borrowed, a fee and interest for 24 months. The language as to the sum accelerated is unambiguous. It means that upon default of an instalment the balance of the face amount of the loan remaining unpaid becomes due, and that sum includes unearned interest. The note does not contain a provision for the rebate of unearned interest, but does contain a provision authorizing its collection. That is sufficient to void the obligation under *Lawrimore.*

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED OCTOBER 7, 1974 — DECIDED JANUARY 29, 1975 — REHEARING DENIED FEBRUARY 19, 1975 —

Gambrell, Russell, Killorin, Wade & Forbes, Sewell K. Loggins, Douglas N. Campbell, for appellant.
*Kendric E. Smith,* for appellee.