## 50470. HARRIS et al. v. AVCO FINANCE CORPORATION.

QUILLIAN, Judge.

In the case sub judice, an action was brought based on a loan contract. The case was heard solely on the basis of the amended pleadings, stipulation of documents, and evidence filed in the lower court. The trial judge, sitting without a jury, rendered judgment for the plaintiffs. Appeal was taken to this court. *Held:*

1. The defendant contends that the contract in question violated provisions of the Georgia Industrial Loan Act (Code § 25-301 et seq.; Ga. L. 1955, p. 431, as amended) by contracting for interest at a higher rate than that allowable under the Act. In the instant contract, the acceleration clause provides as follows: "Failure to pay any payment promptly when due, time being of the essence of this contract, shall, at the option of the holder hereof, with or without notice, render all remaining payments at once due and collectible." An almost identical clause was held to violate the Georgia Industrial Loan Act in *Frazier v. Courtesy Finance Co.,* 132 Ga. App. 365 (208 SE2d 175). Accord, *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96 (205 SE2d 110), affirmed *Sun Finance Co. v. Lawrimore,* 232 Ga. 637 (208 SE2d 454); *Hardy v. G. A. C. Finance Corp.,* 131 Ga. App. 282 (205

SE2d 526), affirmed *G. A. C. Finance Corp. v. Hardy,* 232 Ga. 632 (208 SE2d 453); *Beneficial Finance Co. v. Treff,* 134 Ga. App. 17 (213 SE2d 126).

While conceding the controlling effect of the cited cases, the plaintiff contends that the following provisions in the contract saves the acceleration clause: "If the loan is prepaid in full by cash, a new loan, refinancing, or otherwise, before the final payment date, the borrower shall receive a rebate of that portion of the finance charge which remains after deductions of the fees computed under the Rule of 78's in accordance with Georgia Industrial Loan Act, Section 17 of the Georgia Statutes." We find no logical basis to construe this provision as being in pari materia with the acceleration clause. However, even if it were, the contract would still be unenforceable. In *Garrett v. G. A. C. Finance Corp.,* 129 Ga. App. 96 (198 SE2d 717), this court found that to apply the rule of 78's with regard to an acceleration situation would violate our usury statute.

2. As in *G. A. C. Finance Corp. v. Hardy,* 232 Ga. 632, supra, since the plaintiff relies solely on the contract, we make no ruling as to whether it might be able to recover based on money had and received. However, the recent case of *Hodges v. Community Loan &c. Corp.,* 234 Ga. 427, has held that an Industrial Loan Act lender cannot recover from a borrower the balance of principal owing from a loan when the loan contract is null and void because its terms violate the provisions of the Industrial Loan Act.

3. The defendants contend that they should be entitled to recover a stated sum under the counterclaim. It is argued that there were $272.05 in payments made to the lender and that the loan agreement shows that the defendant only received $113.19 in cash. Thus, it is urged that the defendant should recover of the plaintiff $158.86, the difference between these two amounts.

The contract shows an amount of $345.23 constituting the balance refinanced of a prior loan. Although there is nothing to show the defendant did not receive full consideration under the prior loan, we are nevertheless bound by the ruling of *Georgia Investment Co. v. Norman,* 231 Ga. 821, 826 (204 SE2d 740), which

involved a "renewal loan" included in the loan amount; the court there held that only cash paid to the debtor could be deducted from the sums he paid to his creditor.

*Judgment reversed. Pannell, P. J., and Clark, J., concur.*

ARGUED APRIL 8, 1975 — DECIDED JUNE 5, 1975 —
REHEARING DENIED JULY 1, 1975.

*Allan Manley, John L. Cromartie, Jr.,* for appellants.
*Thompson & Smith, Thomas L. Thompson, Jr., Richard O. Smith,* for appellee.