## 52672. BRAGG v. HOUSEHOLD FINANCE CORPORATION.

ARGUED SEPTEMBER 14, 1976 — DECIDED OCTOBER 4, 1976 — REHEARING DENIED OCTOBER 21, 1976 —

*Elkins & Flournoy, James E. Elkins, Jr.,* for appellant.

*Grogan, Jones, Layfield & Swearingen, Richard A. Childs,* for appellee.

DEEN, Presiding Judge.

1. The stated purpose of the Industrial Loan Act is to regulate the business of making loans of $3,000 or less. Code Ann. § 25-302 (Ga. L. 1975, p. 393). To this end, a maximum rate of charge is provided for. Code Ann. § 25-315 (Ga. L. 1975, pp. 393, 394). If the contract provides for a greater rate of charge than that provided for by law, the lender is guilty of usury and the entire loan contract is null and void. Code Ann. § 25-9903.

The cases dealing with the invalidity of acceleration clauses under the Industrial Loan Act are predicated not upon a per se repugnance to the requirements of that Act but rather upon their interpretation as having the usurious effect of allowing a recovery of unearned interest. ". . . [T]here may be a valid exercise of

acceleration provisions where only the principal balance is sought, but to attempt to accelerate the payment of that part of the instalments including unearned interest, even without the attempt to charge additional interest thereon from the date of acceleration, obviously gives a higher interest return on the use of the money than is authorized under the statute, and therefore nullifies the entire transaction." *Lewis v. Termplan, Inc.,* 124 Ga. App. 507, 509 (184 SE2d 473). To this end, language in acceleration clauses of loan contracts construed or construable as having the usurious effect of accelerating unearned interest has been interpreted as voiding the entire agreement. *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96 (205 SE2d 110) ("all installments due and payable"); *Allen v. Alco Finance, Inc.,* 131 Ga. App. 545 (206 SE2d 547) ("all remaining installments at once due and collectible");*Frazier v. Courtesy Finance Co.,* 132 Ga. App. 365 (208 SE2d 175) ("all remaining payments"). That the rationale behind the invalidation of acceleration clauses (and the resultant invalidation of the entire contract as usurious) has been the acceleration of *unearned* interest is demonstrated in *G. A. C. Finance Corp. v. Hardy,* 232 Ga. 632 (208 SE2d 453), affg. 131 Ga. App. 282 (205 SE2d 526).

2. Having decided that acceleration clauses are not per se invalid but that such clauses allowing the collection of unearned interest are usurious and thus void the entire loan contract, we turn to the interpretation of the clause here in issue.

Language to the effect that default will "render the entire sum remaining at once due and payable" is objectionable as permitting a recovery of unearned interest; when, however, the complementing clause is added, limiting such accelerated sum to this amount "less any required refund of interest. . ." the usurious objection no longer applies. While it is true in the strictest legal sense that the appellee is not "required" to return interest (nor "refund" it, in that if it is usurious nothing at all can even be collected), it is required *not* to accelerate unearned interest if it is to protect its recovery of principal and earned interest. There is no doubt that the language the appellee has chosen to effectuate compliance with

*Lawrimore* is not as clear nor as concise as it might be; but the fact remains that it has demonstrated an attempt at compliance with the Industrial Loan Act. In order to construe the language as an attempt to accelerate unearned interest we would have to infer the appellee's intent to circumvent the Act. "An intention contrary to the law should not be read into a contract by placing such a construction upon a provision therein, when the provision is just as susceptible of a construction that will show a lawful intention." *Southern Loan Co. v. McDaniel,* 50 Ga. App. 285, 286 (177 SE 834). ". . . [A]n intention contrary to the law should not be read into a contract; and . . . where a particular word or words in a contract are susceptible of two meanings, one of which would uphold the contract and render it legal, and the other would render it inoperative or illegal, that meaning which renders the contract legal will be adopted as the intention of the parties." *Hartsfield Co. v. Shoaf,* 184 Ga. 378, 381 (191 SE 693).

We believe the language of the acceleration clause is susceptible of a construction upholding the legality of the contract, to wit, that upon default the entire sum remaining unpaid will be accelerated, *except* unearned interest. So interpreted, the contract does not authorize the collection of usury and is not void. The judgment granting the writ of possession is affirmed.

*Judgment affirmed. Quillian and Webb, JJ., concur.*