## 53599. BLAZER FINANCIAL SERVICES, INC. v. DUKES.

WEBB, Judge.

This is an appeal from a finding that a loan contract was made in contravention of the Industrial Loan Act (Code Ann. § 25-301 et seq.) by providing for the acceleration of unearned interest, and was thus void and unenforceable. The provision in question recites that "A default in the making of any payment or part thereof shall render at the option of the Creditor, *the entire unpaid balance* due and payable..." (Emphasis supplied.)

We find this language to be consistent and synonymous with acceleration clauses construed by this court and the Supreme Court to include unearned interest, and therefore controlled by those cases. See *Lawrimore v. Sun Fin. Co.,* 131 Ga. App. 96 (205 SE2d 110); affd. 232 Ga. 637 (208 SE2d 454) (1974) ("all installments"); *Hardy v. G. A. C. Fin. Corp.,* 131 Ga. App. 282 (205 SE2d 526); affd. 232 Ga. 632 (208 SE2d 453) (1974) ("entire balance"); *Allen v. Alco Fin., Inc.,* 131 Ga. App. 545 (206 SE2d 547) (1974) and *Guyton v. Martin Fin. Corp.,* 135 Ga. App. 62 (217 SE2d 390) (1975) ("all remaining installments"); *Frazier v. Courtesy Fin. Co.,* 132 Ga. App. 365 (208 SE2d 175) (1974) ("all payments"); *Beneficial Fin. Co. of Atlanta v. Treff,* 134 Ga. App. 17 (213 SE2d 126) (1975), cert. denied, ("entire amount due"); *Harris v. Avco Fin. Corp.,* 135 Ga. App. 267 (218 SE2d 83) (1975) ("all remaining payments"). See also *Roberts v. Allied Fin. Co.,* 129 Ga. App. 10 (198 SE2d 416) (1973), cert. denied, (where this court equated the contractual phrase "all remaining installments" with "entire unpaid balance"). Compare *Bragg v. Household Fin. Corp.,* 140 Ga. App. 75 (230 SE2d 55) (1976) (where the phrase "the entire sum remaining unpaid... *less any required refund of interest portion of finance charge"* was upheld). The arguments and authorities cited by appellant are unpersuasive and we decline to overrule four years of well-established precedent.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

664

Argued March 3, 1977 — Decided March 10, 1977 — Rehearing denied March 22, 1977 — 

*McClain, Mellen, Bowling & Hickman, Thomas W. Thrash, Arthur Gregory,* for appellant.

*Carolyn S. Weeks, Richard K. Greenstein,* for appellee.