## 54011. WIGGINS v. LIBERTY LOAN CORPORATION.

QUILLIAN, Presiding Judge.

1. This is an appeal from a summary judgment granted to plaintiff in the trial court. Plaintiff loan corporation permitted defendant to execute a new note to pay off a preexisting note. Defendant failed to make payments in the correct amount and on the correct date on the new note. Plaintiff brought this action and defendant alleged there was a violation of the Industrial Loan Act. The note contained an acceleration clause which stated: "In case of default the holder hereof may declare an acceleration of the maturity of this Note, rendering the entire indebtedness hereon immediately due and payable." Defendant alleges this clause "permits acceleration of unearned interest" in violation of Code Ann. § 25-315 (Ga. L. 1955, pp. 431, 440; 1964, pp. 288, 291) and *Hardy v. G.A.C. Finance Corp.*, 131 Ga. App. 282 (205 SE2d 526); therfore it is void and unenforceable.

Plaintiff directs our attention to the fact that Part III of the note, which contains the acceleration clause, was immediately preceded by the statement: "The terms set forth at (0) . . .in said Part I . . . are hereby made part of this Note." Under Part I, Section (0), the contract stated: "On acceleration of the maturity of this Note for default Lender will rebate interest in proportion to the reduction in the loan term." We also note that plaintiff, in the first paragraph of the complaint, alleged that defendant was indebted "to plaintiff in the sum of $898.55 ($978 gross balance, less $79.45 unearned interest) . . ." When these two parts of the same contract are construed in pari materia we find the plaintiff did not contract, charge, or

institute suit for unearned interest.

This court construed a similar acceleration clause in *Bragg v. Household Finance Corp.,* 140 Ga. App. 75 (2) (230 SE2d 55), and concluded that the contract did not violate provisions of the Industrial Loan Act.

2. The remaining enumerations are either mooted by the above or are without merit. The court did not err in granting summary judgment to plaintiff.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

SUBMITTED JUNE 8, 1977 — DECIDED JUNE 29, 1977 — REHEARING DENIED JULY 22, 1977.

*Elkins & Flournoy, James A. Elkins, Jr.,* for appellant.

*William L. Slaughter,* for appellee.