## 54821. GOODWIN et al. v. TRUST COMPANY OF COLUMBUS.

SHULMAN, Judge.

Appellee brought this suit on a note. Appellants filed their answer and counterclaims and appellee moved for summary judgment on several defenses and counterclaims. Appellants enumerate as error the grant of summary judgment for appellee on three issues.

1. In a counterclaim, appellants asserted that in making earlier, related loans, appellee violated Code Ann. § 57-204 by failing to provide the closing statements required by that section. The order of the trial court held that there was no violation of the Secondary Security Deed Act in making the note on which suit was brought and granted summary judgment to appellee on the counterclaim. We reverse.

A. In their counterclaim, the Goodwins alleged that they executed notes to the appellee in 1970, 1973, and 1974, giving as security a second security deed on their home. They further alleged that on each of those occasions

the bank failed to provide them the detailed closing statement required by Code Ann. § 57-204. Those failures, they contend, triggered the penalty provisions of former Code Ann. § 57-203, which, at the time the notes were executed, governed those transactions and provided that, "If any loan secured by a secondary security deed on real estate is made in violation of the provisions of this Chapter . . . except as a result of a bona fide error, the lender shall forfeit the entire principal amount of the loan plus interest and other charges. In addition thereto, the lender shall also refund any payments on the loan which have been made by the borrower." Ga. L. 1966, pp. 574, 577. The counterclaim alleged an amount paid by the Goodwins on the three loans specified and sought recovery of that amount.

It is evident from the summary judgment order that the trial judge treated the counterclaim based on former Code Ann. § 57-203 and Code Ann. § 57-204 as a defense to the note on which the bank brought suit. However, the issue, as framed by the pleadings, is not whether former Code Ann. § 57-203 can be used as a defense, but whether the Goodwins can recover money paid to the bank on earlier notes because of the bank's alleged noncompliance with § 57-204.

Each of the earlier transactions must be examined to determine whether there was, in the making of that loan, a violation of Code Ann. § 57-204 which would trigger the forfeiture provision of former Code Ann. § 57-203. If there were such violations, the amount paid on each loan must be determined. Complicating the resolution of those matters is the relationship between the various loans. The record in this case does not clearly show whether some of the loans are independent and some renewals or whether all these loans are parts of a single, extended transaction. These questions, being questions of fact, are not suited to summary adjudication. The Goodwins have alleged facts supporting a right of recovery for past note payments and the bank has produced nothing to refute their allegations. The grant of summary judgment as to that issue, therefore, was improper.

B. In its brief to this court, appellee argues that there were no violations of Code Ann. § 57-204, even if the

closing statements were not provided. Appellee attempts to support this argument with assertions that the statute was intended to regulate lending institutions primarily in the second mortgage business. That contention is not borne out by a reading of Code Ann. §§ 57-201 and 57-204. A transaction is within the regulatory authority of the Chapter, so as to trigger the closing statement requirement of § 57-204 if it is ". . . a loan secured in whole or part by a security deed, mortgage, or other security instrument, other than a first security deed, first mortgage or other security instrument, on residential real estate improved by the construction thereon of housing consisting of four or less family dwelling units, executed by an individual or individuals. . ." Code Ann. § 57-201. Appellee has admitted that the loans asserted in appellants' counterclaim to be violative of Ch. 57-2 were secured by secondary security deeds and has made no showing that the transactions were otherwise excluded from the Act. Appellee has not shown, on that issue, that appellants cannot recover and has failed, therefore, to bear the burden imposed on a movant for summary judgment. Code Ann. § 81A-156.

2. Another counterclaim by the Goodwins asserted their right to punitive and exemplary damages for the bank's alleged fraud in inducing them to sign a blank promissory note. In support of the trial court's grant of summary judgment on this issue, appellee contends that the Goodwins have not shown one of the elements requisite for recovery of those damages: loss.

While it is true that, at trial, appellants would have the burden of proving a loss proximately caused by the bank's alleged fraud, that is not so in the procedural context of this action. " 'On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. [Cit.]' *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429)." *Lansky v. Goldstein,* 136 Ga. App. 607 (1) (222 SE2d

62). Applying that standard, we find that appellants have alleged a loss in their pleadings and appellee has not pierced that allegation. It was error, therefore, to grant summary judgment on that issue.

3. Appellants' final enumeration of error complains of the finding of the trial court that the note sued on was not usurious on its face. In contending that the note is usurious, appellants refer not to the amount of interest appellee has attempted to collect, but to the mere presence of the clause in the note permitting acceleration upon default. The clause provided that, on the occurrence of certain events, ". . . any and all liabilities may . . . be declared . . . due and payable." In support of their contention that this clause permits the collection of unearned interest, appellants cite cases construing the Industrial Loan Act, Code Ann. Ch. 25-3. In a series of cases, this court held that Industrial Loan Act notes were violative of the Act if they contained acceleration clauses permitting acceleration of "all installments" (*Lewis v. Termplan, Inc.,* 124 Ga. App. 507 (184 SE2d 473)), "the entire balance" (*Hardy v. G. A. C. Finance Corp.,* 131 Ga. App. 282 (205 SE2d 526)), and "all remaining payments" (*Frazier v. Courtesy Finance Co.,* 132 Ga. App. 365 (208 SE2d 175)). The rationale of those decisions was that each installment, each payment, and the entire balance necessarily included unearned interest. By permitting the lender to declare due and payable an amount including unearned interest, the contract violated Code Ann. § 25-316, which forbids a lender to ". . . charge, *contract for,* or receive . . ." (emphasis supplied) any amount not permitted by the Chapter.

Although the note on which appellee seeks to recover in this action is governed by the general usury provisions of Code Ann. Ch. 57-1 rather than the Industrial Loan Act, a similarity of purpose and language justifies the application of a similar analysis. Upholding the constitutionality of the Industrial Loan Act, the Supreme Court held that it deals with its class of subjects (small loans) ". . . in the same manner generally as the usury statute . . ." *Talley v. Sun Finance Co.,* 223 Ga. 419 (2) (156 SE2d 55). As is the case with the general usury statute, "The purpose of the [Industrial Loan] Act is to define and

prevent usury." *Securities Inv. Co. v. Pearson,* 111 Ga. App. 761, 762 (143 SE2d 36).

The section of Ch. 57-1 which is analogous to the prohibition in Code Ann. § 25-316 is Code Ann. § 57-102: "Usury is the reserving and taking, *or contracting to reserve and take,* either directly or by indirection, a greater sum for the use of money than the lawful interest." (Emphasis supplied.) It may be seen, then, that if the acceleration clause complained of necessarily permits the collection of more interest than is allowed, there has been a "contracting to reserve and take . . . a greater sum for the use of money than the lawful interest."

We are unable, however, to accept the contention of appellants that "all liabilities" must be construed to mean the same as "all installments," "the entire balance," and "all remaining payments." Each of the offensive phrases made reference to an amount which necessarily included interest for the whole term of the loan. As appellee notes, "all liabilities" is not so all-encompassing a phrase. It could just as properly be construed to mean that amount payable under the terms of the note after all proper rebates and refunds are made.

"It is not to be presumed that people intend to violate the law, and the language of their undertakings must, if possible, be so construed as to make the obligation one which the law would recognize as valid. All ambiguities are to be resolved in favor of legality and against illegality. The contract is to be held illegal only when it will admit of no other construction." *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599 (16), 600 (44 SE 320). We must agree with the trial judge that the clause permitting acceleration of "all liabilities" does not render the note usurious on its face. The portion of the summary judgment order so holding is affirmed.

*Judgment reversed in part; affirmed in part. Quillian, P. J., and Banke, J., concur.*

ARGUED NOVEMBER 8, 1977 — DECIDED JANUARY 26, 1978 — REHEARING DENIED FEBRUARY 14, 1978.

*Keil & Davis, E. Wright Davis, Jr.,* for appellants.
*Henson & Cheves, Cecil M. Cheves,* for appellee.