### 56608. CREDITHRIFT OF AMERICA, INC. v. MORRIS et al.

BIRDSONG, Judge.

Appellant Credithrift of America, Inc. brings this appeal to the partial grant of summary judgment in favor of appellees, Mr. and Ms. Morris.

The facts show that the Morrises obtained a $13,800 loan from Credithrift and pledged their home as security through the medium of a second mortgage. The parties agree that the transaction is governed by the provisions of Ga. L. 1968, p. 1086 (Code Ann. § 57-201 et seq.). The Morrises came into default on the note and Credithrift foreclosed upon the property. Thereafter, the Morrises brought this action against Credithrift seeking to have the note underlying the indebtedness declared void for being usurious, to obtain the return of money paid on the indebtedness, to cancel the deed obtained as a result of the foreclosure and other appropriate relief. The trial court found that the indebtedness was tainted by usury, voided the deed, directed a return of over $6,000 to the Morrises, and granted partial summary judgment as to these issues. The court left pending for litigation the amount, if any, of punitive damages and attorney fees. Credithrift appeals the partial grant of summary judgment to the Morrises and the denial of its own motion for summary judgment. *Held:*

The parties are in basic disagreement as to whether the trial court based its grant of partial summary judgment on the terms of the underlying note, or simply

the loan contract, or both. However, we find it unnecessary to resolve this question. In its order the trial court stated: "The loan contract between the parties was secured by a Secondary Security Deed and as such was governed by the provisions of *Georgia Code Annotated* § *57-201* et seq. In said loan contract, defendant contracted with the plaintiffs to rebate unearned interest according to the Rule of 78ths. The contracting for said interest is in violation of *Georgia Code Annotated* § *57-201* et seq.; there is no necessity for the actual collection at the usurious rate. See *Goodwin v. Trust Co. of Columbus,* 144 Ga. App. 787, 791. Accordingly the loan contract between the parties is null and void and the forfeiture imposed by *Georgia Code Annotated* § *57-203* is hereby imposed upon the defendant."

The acceleration clause in the note in question provided: "Default in making any payment shall, at the option of the holder hereof, and without notice or demand, render the entire principal balance plus earned charges of this Note at once due and payable." We agree with the contention of the appellant that "principal balance" does not include unearned interest as such. But the term "earned charges" presents a more difficult problem. The appellant argues that by the provisions of Code Ann. § 57-201 the debtor shall receive rebate of the previously charged rate of charge in accordance with the Standard Rule of 78. The loan contract itself provides that the method of computing any unearned portion of the finance charge will be by the Rule of 78ths. Thus, whether the trial court considered the note as well as the loan contract or the loan contract alone, any rebate of unearned finance charge relating to the loan agreement necessarily involved the Rule of 78.

Appellant argues that the provisions of the note, allowed only the principal plus "earned charges" which is not in violation of the applicable usury statutes. See *Price v. Guardian Mtg. Corp.,* 137 Ga. App. 519 (224 SE2d 451). However, in the same breath, appellant argues that it is entitled to contract for the computation of unearned finance charges upon the Rule of 78. In this contract, finance charges included interest, which clearly requires that unearned interest will be retained in part and

rebated in part in accordance with the Rule of 78.

It is true that the statute provides that in the case of a renewal, renegotiation, payout, or prepayment of the loan, any rebate of charges would be computed by the Rule of 78. However, we consider this to be nothing more than a statutory recognition of a prepayment penalty imposed upon the borrower, and we are not confronted here with a prepayment. Rather, this case involves an acceleration of a past due indebtedness. Thus, we are presented with the situation of a contract for loan of money in which the creditor has in legal effect contracted to rebate unearned interest in accordance with the Rule of 78. Whether the appellant intended to collect a portion of the unearned interest is not the issue; the provisions of the note as well as those appearing in the loan contract attempted to give a contractual power to the creditor to collect a portion of the unearned interest. As correctly held by the trial court this resulted in a violation of the applicable usury statute, irrespective of whether or not the appellant actually collected any unearned interest. The Rule of 78 cannot be used in an acceleration situation as in the case sub judice. *Garrett v. GAC Fin. Corp.,* 129 Ga. App. 96 (198 SE2d 717); *Goodwin v. Trust Co. of Columbus,* 144 Ga. App. 787, 790 (3) (242 SE2d 302); *Blazer Financial Services v. Dukes,* 141 Ga. App. 663 (234 SE2d 149); *Bragg v. Household Fin. Corp.,* 140 Ga. App. 75, 77 (230 SE2d 55). It follows that the trial court did not err in granting partial summary judgment to the appellees, or in denying appellant's motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Submitted September 20, 1978 — Decided October 30, 1978.

*Hansell, Post, Brandon & Dorsey, W. Rhett Tanner, Kirby G. Bailey, Freeman & Hawkins, Alan F. Herman,* for appellant.

*Milam, Smith, Nash & San Filippo, Alton T. Milam, Frank G. Smith,* for appellees.

*Steven Gottlieb,* amicus curiae.