## 59229. DIGGS v. SWIFT LOAN & FINANCE COMPANY, INC.

SOGNIER, Judge.
Appellant, Annie K. Diggs, filed a motion to set aside a 1974 default judgment entered in favor of appellee, Swift Loan and Finance Co., when appellant failed to make payments on a loan contract entered into under the Georgia Industrial Loan Act (ILA). The trial court denied appellant's motion. We reverse.
The contract in question contains two acceleration clauses, one in the promissory note and the other in the security agreement. The clause in the promissory note provides: "Failure to pay any installment promptly when due . . . shall, at the option of the holder hereof, with or without notice, render all remaining installments

due and payable. However, remaining installments shall not include unearned interest or other charges not permitted by the Georgia Industrial Loan Act . . ." The acceleration clause in the security agreement provides: "Should the undersigned fail to pay any obligations hereby secured or the interest thereon when the same becomes due, or default in any of the undersigned's other obligations or covenants hereunder . . . the entire indebtedness hereby secured shall at the option of said Company or assigns become immediately due and payable without notice to the undersigned." This acceleration clause includes unearned interest, which is prohibited by the ILA. Appellant contends that the acceleration clause in the security agreement is illegal because it includes unearned interest and this, under the ILA, invalidates the contract despite the acceleration clause in the promissory note which complies with the statutory requirements. We agree.

A licensee may not charge, collect *or contract for* an amount of interest in excess of the statutory ceiling. Code Ann. §§ 25-315(a), 25-316. Any loan contract made in violation of the act is null and void. Code Ann. § 25-9903. It is well settled that an acceleration clause in an ILA contract which upon default permits the collection of the entire balance due on a contract without excluding unearned interest is violative of the ILA and voids the contract. *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96 (205 SE2d 110) (1974), affd. 232 Ga. 637 (208 SE2d 454) (1974); *Blazer Fin. Ser. v. Dukes,* 141 Ga. App. 663 (234 SE2d 149) (1977).

The acceleration clause in the promissory note provides for a refund of unearned interest upon the debtor's default in payments. If this were the only acceleration clause in the contract there would be no violation of the ILA. *Bragg v. Household Fin. Corp.,* 140 Ga. App. 75 (230 SE2d 55) (1976); *Wiggins v. Liberty Loan Corp.,* 143 Ga. App. 46 (237 SE2d 418) (1977). However, the acceleration clause in the security agreement provides for acceleration of the "entire indebtedness" of the contract for reasons other than default in payments. No provision is made in this clause for the refund of unearned interest.

Normally, a contract with inconsistent provisions should be interpreted so that the construction which upholds the contract is preferred. Code Ann. § 20-704 (4); *Grey v. Cousins Mtg. & Equity Invest.,* 145 Ga. App. 889, 891 (245 SE2d 58) (1978). Under this view, as appellee points out, the acceleration clause in the promissory note would control in the event of acceleration for any reason either under the promissory note or the security agreement. Indeed, in *any* suit on the contract, the promissory note controls the amount of interest to be collected. We are aware that in this suit

appellee did not seek to recover any unearned interest.

Nevertheless, the contract here is governed by the ILA which is in derogation of the common law and must be strictly construed. *Georgia Invest. Co. v. Norman,* 231 Ga. 821 (204 SE2d 740) (1974). The ILA clearly states that a loan company may not charge, collect or *contract for* an amount of interest in excess of the statutory ceiling. Code Ann. § 25-316. A provision in the contract authorizing the collection of unearned interest is sufficient to void the obligation. *Lawrimore,* supra. It is not what the loan company does or does not do with regard to the suit on the note, but what the parties have contracted for which determines the validity of the contract here. It can fairly be said that the parties contracted for the acceleration of an illegal amount of interest in the security agreement. The entire contract, therefore, is void.

We are aware of the decision in Gen. Fin. Corp. v. Sprouse, 577 F2d 989 (5th Cir. 1978), in which the Fifth Circuit Court of Appeals decided a similar case. Although we reach the same conclusion, we decline to follow that court's reasoning with regard to the intent of the Georgia General Assembly in enacting the ILA. We see no reason to discuss such intent since the words of the statute are clear and unequivocal.

The judgment entered against the appellant was void on its face since a non-amendable defect appeared on the face of the record, i. e. the void contract. Such judgment may be attacked in any court by anybody *whenever* it becomes necessary. *Ricks v. Liberty Loan Corp.,* 146 Ga. App. 594, 595 (247 SE2d 133) (1978). There was no bar here based on the statute of limitation under Code Ann. § 81A-160 (f).

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 11, 1980 — DECIDED APRIL 22, 1980.

*Willie Abrams, Paul E. Kauffman, Charles M. Baird,* for appellant.

*William L. Slaughter,* for appellee.