GOLDBERG, Circuit Judge:
A successful novelist generally leaves the most suspenseful chapter for the end. Our work, however, is published whether or not the finale is suspenseful. This is fortunate in the instant case, because the questions presented on this last appeal are for the most’ part controlled by our decisions in Sprouse v. General Finance Corp., 577 F.2d 989, (5th Cir. 1978), and Flournoy v. Century Finance, 577 F.2d 997, (5th Cir. 1978), also decided today. Indeed, the only similarity between this last section of our trilogy and a novel is that one of defendant Henderson’s contentions may be charitably characterized as fanciful.
The six cases consolidated on this last appeal are all similar to the two appeals previously considered today. Each case involves wage earner bankruptcy proceedings in which the lenders’ claims were disallowed by the trustee because of an alleged violation of the Georgia Industrial Loan Act (“GILA”).
In the cases of In re: Walton (Century Finance Co.), In re: Henderson (Swift Loan and Finance of Columbus, Inc.), In re: Sims (Swift Loan), In re: DeBlase (General Finance Corp.), and In re: Clayton (General Finance Corp.), the bankruptcy court held that the contracts at issue were void because acceleration clauses contained in the contracts provided for the acceleration of unearned interest in the event of a default by the debtor. District Judge J. Robert Elliott reversed the bankruptcy court, holding that the contracts were valid under Georgia law. Subsequent to Judge Elliott’s decision in those cases, the bankruptcy court held that the contract in In re: Williams (General Finance Corp.) was valid under GILA and the district court affirmed. The six causes were then consolidated, and the trustee now appeals.
We hold that the loan contract in each of these actions is invalid under the Georgia Industrial Loan Act. We further conclude that the trustee was not barred in any of the six causes under the equitable defenses asserted below. The judgments of the district court are therefore reversed.
A. In re: Walton
The loan contract between the debtor Walton and Century Finance Company consists of a promissory note and a security agreement. The only acceleration clause in the contract is contained in the security agreement. The acceleration clause provides:
Should the undersigned fail to pay any obligation hereby secured or the interest *996 thereon when the same becomes due, or default in any of the undersigned’s obligations hereunder . . the entire indebtedness hereby secured shall at the option of said Company or assigns become immediately due and payable .
We have already held in Sprouse v. General Finance Corp., supra, that such a clause, even when contained in the security agreement, invalidates the entire loan contract. The only difference between this case and Sprouse is that the promissory note in the instant case contains no acceleration clause while the promissory note at issue in Sprouse contained a valid acceleration clause. This distinction actually weakens the creditor’s position since the contract nowhere provides for the rebate of unac-crued interest and defendant cannot argue that the acceleration clause found in the promissory note evidences an intent to comply with GILA.
We concluded in Sprouse that a security agreement can authorize the collection of interest upon default even when the promissory note is silent on the question and that the Georgia Industrial Loan Act applied to acceleration clauses contained in security agreements. The acceleration clause quoted above clearly authorizes the collection of all outstanding installments, including unearned interest. Sprouse therefore controls the instant case and the district court’s judgment must be reversed.[1] REVERSED and REMANDED.
B. In re: DeBlase; In re: Clayton; In re: Williams; In re: Sims
In re: Sims involves a loan contract between Sims and Swift Loan and Finance of Columbus, Inc. In re: DeBlase; In re: Clayton ; and In re: Williams involve loan contracts between the debtors and General Finance Corp. which are in all relevant respects identical to the contract at issue in Sprouse v. General Finance Corp., supra. The contract at issue in each of these four actions contains a valid acceleration clause in the promissory note and an invalid clause in the security agreement. Based on our opinion in Sprouse, supra, we hold that these contracts are void under the Georgia Industrial Loan Act. The judgments below •are reversed.[2]
REVERSED and REMANDED.
C. In re: Henderson
The contract at issue in this final case on appeal contains acceleration clauses in both the promissory note and the security agreement which are proscribed by the Georgia Industrial Loan Act. Defendant Swift Loan & Finance of Columbus, Inc. argues that this action is nonetheless distinguishable from Sprouse, supra, because Swift Loan merely sold a repossessed vehicle to the debtor for a flat principal sum of money and did not charge any interest. Where payments do not contain any interest charges, defendant notes, there can be no acceleration of unaccrued interest.
While we may agree that as a logical matter no unaccrued interest can be accelerated where the lender does not charge interest, the defendant’s factual assertion that no interest was charged to the debtor here is simply untenable. The defendant repossessed the automobile in question from a prior debtor and sold the vehicle to Henderson. The contract between Hen *997 derson and Swift Loan provided that Henderson would pay off Swift’s $1672 loan in twenty-two equal monthly installments of $76 each. The contract specifies a total interest charge of “zero” dollars. The contract also states, however, that Henderson shall “Take over payments” from the original debtor’s loan contract and incorporates by reference that prior account. Defendant admits that this prior loan contract contained interest charges, and it is plain that these interest charges were assumed by Henderson when she took over the prior debtor’s payments. Defendant’s position that Henderson was not charged interest is thus without foundation.[3] Consequently, the acceleration clauses in the Henderson contract provide for the acceleration of unaccrued interest. Based on our holding in Sprouse, supra, we conclude that such a contract is void under the Georgia Industrial Loan Act. The judgment of the district court is therefore reversed.
REVERSED and REMANDED.

. In the proceedings before the bankruptcy judge, Century Finance Co. argued that the trustee was barred from asserting his objection to defendant’s claim by the equitable doctrines of estoppel and laches. Although defendant-appellee has not raised this issue on appeal, appellant requests that we address the question in the interests of judicial economy and efficiency.
This question is controlled by our decision in Flournoy v. Century Finance Co., supra, and finding no relevant distinctions between the facts in the instant case and the cases considered in the Century Finance Co. appeal, we hold that the creditor here did not, as a matter of law, make out its defense of laches or estop-pel.

. Likewise, the equitable defenses raised by appellees are governed by our decision in Flournoy v. Century Finance Co., supra. We find that the facts in the instant causes of action are indistinguishable from those considered in Flournoy v. Century Finance Co., and therefore reject the equitable defenses offered by appellees.

. Our finding that interest was charged in the contract at issue is not solely dependent on Henderson’s assumption of the original debt- or’s loan contract. The equal monthly payments in the loan contract necessarily consist ■ in part of interest charges. No Georgia lending institution would loan money to an unrelated individual without charging interest. The payments specified in the contract before us obviously reflect such imputed interest.