**In re Clarence Chester BROWN, Sr., Debtor.**

**Clarence Chester Brown, Sr., Plaintiff,**

**v.**

**Speedee Cash of Georgia, Inc., Defendant.**

**Speedee Cash of Georgia, Inc., Movant.**

**Bankruptcy No. 03–41647.**
**Adversary No. 03–4069.**

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

Jan. 30, 2004.

Brace W. Luquire, William A. Edwards, Jr., Columbus, GA, for Clarence Chester Brown, Sr.

H. Owen Lee, Miller, Layfield & Lee, P.C., Columbus, GA, for Defendant.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On January 9, 2004, the Court held a hearing regarding the Motion of Speedee Cash of Georgia, Inc. ("Defendant") to Dismiss. At the hearing, the parties agreed that Count Two of the Adversary Proceeding should be dismissed because the contract in dispute exceeds $3,000.00 and, therefore, does not fall under the Georgia Industrial Loan Act ("G.I.L.A."). *See* O.C.G.A. §§ 7–3–1 through 7–3–29 (1997 & Supp.2003). At the conclusion of the hearing, the Court took the remaining matter under advisement. The Court has considered the pleadings, Defendant's Motion to Dismiss, both parties' oral arguments, and the applicable statutory and case law. Under this Court's reasoning in *In re Johnson (Johnson v. Speedee Cash of Columbus, Inc.)*, 289 B.R. 251 (Bankr.M.D.Ga. 2002) (Laney, J.), the Court will deny Defendant's Motion to Dismiss as to Count One of Clarence Chester Brown, Sr.'s ("Debtor") Complaint and grant Defendant's Motion to Dismiss as to Count Two of Debtor's Complaint.

## BACKGROUND AND PROCEDURAL HISTORY

On December 19, 2002, Debtor and another party entered into a contract with Defendant pursuant to a title pawn transaction. Debtor pledged to Defendant the Certificate of Title to a 1999 Ford Expedition ("Ford") in exchange for $3,500. The contract provided for a ten-day grace period after the maturity date during which Defendant promised not to sell the property and Debtor was entitled to redeem the property by paying the outstanding balance, plus any fees and charges incurred. Debtor filed a Chapter 13 Petition on July 1, 2003 and subsequently filed this Adversary Proceeding to determine the validity of Defendant's lien on the Ford. On December 22, 2003, Defendant filed its Answer and the Motion to Dismiss.

Defendant contends that Debtor cannot challenge the validity of Defendant's lien on the Ford because the contract does not fall under G.I.L.A. *See* O.C.G.A. §§ 7–3–1 through 7–3–29 (1997 & Supp.2003). Without G.I.L.A., Defendant argues that Debtor has no grounds to void the contract or the lien. Therefore, Defendant urges the Court to grant its Motion to Dismiss as to Count One of Debtor's Complaint as well.

Debtor contends that, under *Johnson,* he has stated a claim upon which relief can be granted. *Johnson,* 289 B.R. at 253–254. Debtor argues that Defendant holds, at most, an unsecured claim in the principal amount of $3,500. Therefore, Debtor urges the Court to deny Defendant's Motion to Dismiss as to Count One of Debtor's Complaint.

## CONCLUSIONS OF LAW

The Court has reviewed *Johnson,* as well as *Hooks v. Cobb Ctr. Pawn & Jewelry Brokers, Inc.,* 241 Ga.App. 305, 527 S.E.2d 566 (1999), and the statutory scheme for pawn brokers found at O.C.G.A. §§ 44–12–130 through 44–12–138 & 44–14–403. O.C.G.A. §§ 44–12–130 through 44–12–138 & 44–14–403 (2002 & Supp.2003); *Johnson,* 289 B.R. at 253–254; *Hooks,* 241 Ga.App. at 306–307, 527 S.E.2d at 568–569. The Court does not change its position from the ruling in *Johnson. Johnson,* 289 B.R. at 253–254. "Rights created by statute in derogation of the common law must be 'exercised in the way which the [s]tatute prescribes, and in no other way....' *Persons v. Hight,* 4 Ga. 474 (1848); *see also Diggs v. Swift Loan and Finance Company, Inc.,* 154 Ga.App. 389, 391, 268 S.E.2d 433, 435 (1980)." *Id.*

■ Pursuant to O.C.G.A. § 44–14–403(b)(1), the grace period for pawn transactions involving automobiles is thirty days. O.C.G.A. § 44–14–403(b)(1) (2002 & Supp.2003). The contract in question grants only a ten-day grace period. (*See* Compl. & Def.'s Mot. to Dismiss). Therefore, Debtor has stated a claim upon which relief could be granted. However, at this stage procedurally, it is not appropriate for the Court to determine the validity of the lien. Nothing in this Memorandum Opinion should be construed as doing so.

Defendant's Motion to Dismiss is granted as to Count Two of Debtor's Complaint and is denied as to Count One of Debtor's Complaint. An order in accordance with this Memorandum Opinion will be entered.